**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Matthew Travis Houston, | Case No.: 2:23-cv-01210-APG-DJA |
| Petitioner | **Order Dismissing Petition without Prejudice as Unexhausted** |
| v. | [ECF No. 1] |
| Brian Williams, | |
| Respondents | |

Petitioner Matthew Travis Houston, a *pro se* Nevada prisoner, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) and an Application for Leave to Proceed *In Forma Pauperis* (IFP (ECF No. 1)).  I dismiss the petition without prejudice because Houston has not yet presented his claims to the highest Nevada state court and deny the IFP application as moot.

**I.     Background**

Houston challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Houston*, Case No. C-21-357927-1.  On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months.  The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. *Houston v. State of Nevada*, Case No. 84281.  On May 26, 2022, Houston filed a state petition for writ of habeas corpus. *Houston v. Calvin Johnson*, Case No. C-21-357927-1.  His state habeas petition is pending.

Houston has already filed a federal habeas petition in this court, which was dismissed without prejudice as unexhausted in April 2023. *See Houston v. Bean*, Case No. 2:23-cv-00031-RFB-DJA, ECF No. 19.  The Ninth Circuit then denied a certificate of appealability. *Id*. at ECF No. 27.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair,* 764 F.3d 1109, 1129 (9th Cir. 2014).  Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, *id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

As in his previously filed federal habeas petition, Houston's claims remain wholly unexhausted.  Because Houston's state habeas petition is pending before the state district court, the Nevada appellate courts have not had the opportunity to consider his claims.  Accordingly, I dismiss this action without prejudice because Houston's claims are not exhausted in state court.

**III.    Conclusion**

I THEREFORE ORDER:

    1. The petition (ECF No. 1-1) is dismissed without prejudice.

    2. The application for leave to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

3.  The Clerk of the Court is directed to enter judgment accordingly and close this

case.

4.  A certificate of appealability is denied because jurists of reason would not find

debatable whether the Court is correct in dismissing this action.

DATED this 31st day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3