UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Matthew Travis Houston, | Case No.: 2:23-cv-01210-APG-DJA |
|---|---|
| Petitioner | **Order Denying Motions and Designating Petitioner as a Restricted Filer in this Matter** |
| v. | |
| Brian Williams, | [ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 19] |
| Respondents | |

Petitioner Matthew Travis Houston, a *pro se* Nevada prisoner, has filed in this closed habeas matter Motions for Reconsideration (ECF Nos. 5, 6, 17), Motion for Relief (ECF No. 7), Motion to Vacate Order (ECF No. 8), Motions for Clarification (ECF No. 9, 11, 13), Motions for Stay and Abeyance (ECF Nos. 10, 12), Motion to Compel Investigation (ECF No. 18), and Motion for an Order (ECF No. 19). I deny Houston's motions and direct the Clerk of the Court to designate Petitioner as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

**Background**

Houston challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Houston*, Case No. C-21-357927-1. On December 8, 2021, the state court entered a judgment of conviction for aggravated stalking and sentenced Houston to 24 to 96 months. The Nevada Supreme Court dismissed Houston's appeal for lack of jurisdiction based on Houston's untimely notice of appeal. *Houston v. State of Nevada*, Case No. 84281. On May 26, 2022, Houston filed a state petition for writ of habeas corpus. *Houston v. Calvin Johnson*, Case No. C-22-853203-W. His state habeas petition appears to remain pending.

In January 2023, Houston filed a separate federal habeas petition in this court, which was dismissed without prejudice as unexhausted. *See Houston v. Bean*, Case No. 2:23-cv-00031-RFB-DJA, ECF No. 19. The Ninth Circuit then denied a certificate of appealability. *Id.* at ECF No. 27. In August 2023, Houston filed another federal habeas petition, which I dismissed without prejudice as unexhausted. ECF No. 3.

## Discussion

Houston has filed multiple miscellaneous motions, with some styled as "emergency motions[1]," appearing to request reconsideration of and to vacate my order dismissing his petition as unexhausted, for discovery, for a stay and abeyance, and asserting claims related to negligence and workers' compensation. Although Houston has attached multiple orders from the Nevada appellate courts, his claims nonetheless appear to remain wholly unexhausted because he has not appealed the denial of his state habeas petition. To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

To the extent Houston is requesting that I reconsider and vacate my order dismissing his petition, I will construe the motion as a request for reconsideration to alter or amend the judgment,[2] the new information he presents does not change the defects that required dismissal

---

[1] The motions do not present an emergency under Local Rule LR 7-4.

[2] Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend judgment for any reason may be filed no later than 28 days after entry of judgment. A motion seeking reconsideration should not be granted, "absent highly unusual circumstances," unless the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

of his petition.  Thus, the dismissal was not an error or manifestly unjust decision.  Accordingly, Houston's motions are denied.

This action has been, and remains, closed.  In addition, Houston's petition is nearly inscrutable.  If Houston wishes to seek relief in this court he must file a new action, with a new case number, on the correct court-required form (when applicable) accompanied by the filing fee or a fully completed application to proceed *in forma pauperis*.

As stated previously, the Habeas Rules require that a petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner [or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242]. Habeas Rule 2(c).  To comply with this rule, a petitioner must state specific particularized facts that entitle him to habeas relief for each ground alleged. *Mayle v. Felix*, 545 U.S. 644, 649 (2005).  The facts alleged must provide sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition should proceed. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). However, "a habeas petition should not resemble a treatise. Effective writing is concise writing." *Spaziano v. Singletary*, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994); *Adams*, 897 F.2d at 333 (federal courts will not "sift through voluminous documents filed by habeas corpus petitioners in order to [find] the grounds or facts which allegedly warrant relief").

In addition, I direct the Clerk of Court to designate Houston as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Matthew Travis Houston's Motions for Reconsideration (ECF Nos. 5, 6, 17), Motion for Relief (ECF No. 7), Motion to Vacate Order (ECF No. 8), Motions for Clarification (ECF No. 9, 11, 13), Motions for Stay and Abeyance (ECF Nos. 10, 12), Motion to Compel Investigation (ECF No. 18), and Motion for an Order (ECF No. 19) are denied.

2. The Clerk of Court will designate petitioner as a restricted filer in this matter and the Clerk shall return unfiled any further papers submitted by Petitioner in this matter other than a notice of appeal from this order.

3. To the extent required, a certificate of appealability is DENIED, as jurists of reason would not find the disposition of petitioner's filing to be debatable or incorrect.

DATED this 14th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE